943 So.2d 1275 (2006)
STATE of Louisiana
v.
Julius WILLIS.
No. KA06-1227.
Court of Appeal of Louisiana, Third Circuit.
November 29, 2006.
Hon. Douglas L. Hebert, District Attorney, Oberlin, LA, for Appellee State of Louisiana.
Julius Willis, Oberlin, LA, pro se.
Court composed of JOHN D. SAUNDERS, JIMMIE C. PETERS, and BILLY H. EZELL, Judges.
*1276 BILLY H. EZELL, Judge.
The Defendant, Julius Willis, was charged by bill of information with remaining after being forbidden, a violation of La.R.S. 14:63.3. On July 13, 2006, a bench trial was held and the Defendant was found guilty as charged. The Defendant was sentenced to six months in the parish jail, suspended, and placed on eighteen months of supervised probation.
The Defendant filed a Motion of Appeal which was granted by the trial court on July 31, 2006.
On October 6, 2006, this court issued a rule to show cause why the appeal in this case should not be dismissed as the judgment at issue is not appealable. On November 6, 2006, the Defendant submitted a pleading to this court explaining his innocence to the charge.
The proper procedural vehicle for the Defendant to seek review of his misdemeanor conviction is via supervisory writs. Therefore, the appeal in this case is hereby dismissed. The Defendant-Appellant, Julius Willis, is hereby permitted to file a proper application for supervisory writs in compliance with Uniform Rules  Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules  Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.
APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.